# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# CENTRAL DIVISION

CRAYTONIA BADGER,                                                                                    PETITIONER
ADC #162710

v.                                          4:24-cv-01100-DPM-JJV

DEXTER PAYNE, Director,
Arkansas Division of Correction                                                                      RESPONDENT

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge D. P. Marshall, Jr. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. Your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of this recommendation. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

## DISPOSITION

**I.     BACKGROUND**

Petitioner Craytonia Badger, an inmate at the Arkansas Division of Correction's Cummins Unit, was convicted in *State of Arkansas v. Craytonia Badger*, 14CR-15-177, of one count of furnishing prohibited articles in violation of Ark. Code Ann. § 5-54-119 after entering a negotiated

guilty plea on December 17, 2015.[1]  (Docs. No. 7-2 and 7-3.)  The Columbia County Circuit Court entered judgment and Mr. Badger's sentencing order on January 4, 2016, and Mr. Badger was sentenced to ten years' imprisonment in the Arkansas Division of Correction ("ADC").[2]  (Doc. No. 7-3 at 1-3.)

Because Mr. Badger pled guilty, he was not entitled to a direct appeal of his conviction. Ark. R. App. P. Crim. 1(a).  Instead, he filed a Rule 37 Petition on March 14, 2016.[3]  (Doc. No. 7-4 at 1-8.)  The circuit court denied the petition on June 21, 2016, because the petition was untimely and lacked a petitioner's affidavit.  (Doc. No. 7 at 2; Doc. No. 7-5 at 2-3.)  Rather than appeal the ruling, Mr. Badger filed a second Rule 37 Petition on July 11, 2016, and the circuit court denied it as untimely on July 28, 2016.  (Doc. No. 7-6 and 7-7.)

Mr. Badger is no stranger to filing habeas actions in this Court, having previously filed two § 2241 petitions and two § 2254 petitions.[4]  In July of 2019, Mr. Badger filed his first petition for

---

[1] It is unclear whether Mr. Badger's current custody is due to his conviction in this case or a separate state criminal case.  *Compare* Mr. Badger's Petition, (Doc. No. 1 at 2) (Mr. Badger explains he is serving the remainder of his sentence for this offense following parole revocation), *and* https://apps.ark.org/inmate_info/index.php (listing "Furnish. Prohibited Art.," as part of Mr. Badger's "Current Prison Sentence History"), *with Badger v. State*, 2019 Ark. App. 490, 1, 588 S.W.3d 779, 781 (2019) (explaining Mr. Badger was serving a sixty-year aggregate sentence for third-degree escape, first-degree criminal mischief, and breaking or entering).

[2] On April 4, 2016, the circuit court amended the sentencing order to remove a clerical error that "erroneously included a notation for five years suspended imposition of sentence."  (Doc. No. 7-5 at 2.)

[3] After performing a preliminary review of Mr. Badger's Petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, it was not clear to me whether the Columbia County Circuit Court ruled on Mr. Badger's March 14, 2016, Rule 37 Petition. Therefore, I ordered Respondent to file a responsive pleading addressing that concern.  (Doc. No. 2.)

[4] Both of Mr. Badger's § 2241 petitions were dismissed without prejudice.  *Badger v. Bureau of Prisons,* No. 2:20-CV-217-BSM-BD, 2020 WL 7778946 (E.D. Ark. Dec. 3, 2020*), report and recommendation adopted by*, No. 2:20-CV-00217-BSM, 2020 WL 7770922 (E.D. Ark. Dec. 30, 2020)*; Badger v. Bureau of Prisons*, No. 219CV00140DPM-JTK, 2020 WL 1873604 (E.D. Ark. Mar. 5, 2020), *report and recommendation adopted as modified by*, No. 2:19-CV-140-DPM, 2020 WL 1873560 (E.D. Ark. Apr. 14, 2020).

writ of habeas corpus pursuant to 28 U.S.C. § 2254 that this Court denied and dismissed with prejudice. *Badger v. Payne*, No. 219CV00089DPMJJV, 2020 WL 1042239 (E.D. Ark. Jan. 27, 2020), *report and recommendation adopted*, No. 2:19-CV-89-DPM, 2020 WL 1046785 (E.D. Ark. Mar. 3, 2020). In it, Mr. Badger did not challenge the constitutionality or legality of his conviction in *State of Arkansas v. Craytonia Badger*, 14CR-15-177, but argued that the ADC was incorrectly extending his imprisonment by refusing to run sentences concurrently from other unrelated convictions. *Id*. at 2. Mr. Badger's second § 2254 petition was dismissed for lack of subject matter jurisdiction. *Badger v. Payne*, No. 4:22-CV-00024-JM-ERE, 2022 WL 473262 (E.D. Ark. Jan. 26, 2022), *report and recommendation adopted*, No. 4:22-CV-00024-JM-ERE, 2022 WL 468604 (E.D. Ark. Feb. 15, 2022).

In the instant § 2254 Petition, Mr. Badger argues that he received "ineffective assistance of counsel, which coerced him into a guilty plea based on insufficient evidence and a misunderstanding of the law," in *State of Arkansas v. Craytonia Badger*, 14CR-15-177. (Doc. No. 1 at 8.) Mr. Badger's claim is centered around his counsel's alleged failure to make him aware of a possible defense in his case. (*Id*. at 4.) He requests his conviction and sentence be vacated. (*Id*. at 8.) After careful review of the Petition (Doc. No. 1) and Response (Doc. No. 7), I recommend Mr. Badger's Petition be DENIED, and this case be DISMISSED with prejudice.

**II.   ANALYSIS**

Respondent says Mr. Badger's Petition is untimely based on the one-year period of limitation imposed by the Antiterrorism and Effective Death Penalty Act ("AEDPA"). I agree.

Title 28 U.S.C. § 2244(d)(1) and (2) set forth a one-year period of limitation for habeas corpus petitions:

>(d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of --
>
>>(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>>
>>(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>>
>>(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>>
>>(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
>(2) The time during which a *properly filed* application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1)-(2) (emphasis added).

In this case, time began to run on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Mr. Badger's judgment and sentencing order were entered on January 4, 2016. (Doc. No. 7-3 at 1-3.) While Mr. Badger had no right to appeal from a guilty plea, as previously recited, caselaw dictates that the judgment became final only after the expiration of the state's filing deadline. *Camacho v. Hobbs*, 774 F.3d 931, 934-35 (8th Cir. 2015). So, the limitation period began to run on February 3, 2016, and, in the absence of statutory or equitable tolling, the limitation period by which Mr. Badger would have had to file his habeas petition ended February 3, 2017.

However, the analysis is not complete here. Mr. Badger did file a petition for post-conviction relief pursuant to Arkansas Rule of Criminal Procedure 37.1 on March 14, 2016. (Doc. No. 7-4 at 1-8.) On June 21, 2016, the circuit court dismissed Mr. Badger's petition because it

4

lacked a petitioner's affidavit and was untimely, and Mr. Badger did not appeal. (Doc. No. 7 at 2; Doc. No. 7-5 at 2-3.) While the petition was in fact filed in a timely manner, it was nevertheless flawed because it lacked a petitioner's affidavit as required by Rule 37.1(c); thus, it was not "properly filed" and did not toll the AEDPA period of limitation. See 28 U.S.C. § 2244(d)(2); *See also Nelson v. Norris*, 618 F.3d 886, 892 (8th Cir. 2010) ("[I]f a state court finds that a motion fails to comply with filing requirements, that motion is not "properly filed."). Accordingly, the deadline for Mr. Badger to file his § 2254 Petition remained February 3, 2017.[5] As he filed the instant Petition on December 16, 2024, the Petition is time-barred.

Mr. Badger does not allege he is entitled to equitable tolling, and a careful review of his Petition fails to show any basis for it. Equitable tolling is only appropriate when a petitioner shows (1) he has been pursuing his rights diligently and (2) some extraordinary circumstance stood in the way of his filing. *Holland v. Florida*, 560 U.S. 631, 649 (2010). Mr. Badger asserts that his "inability to navigate the complexities of legal procedures," should be considered (Doc. No. 1 at 7-8), but he has failed to make either showing required in *Holland*.

Lastly, it appears Mr. Badger claims actual innocence despite his guilty plea. (Doc. No. 1 at 5, 7.) Actual innocence, if proved, can serve as a gateway through which a petitioner may pass when the statute of limitations has expired. *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013). However, the United States Supreme Court has made clear that tenable actual-innocence gateway pleas are rare: in addition to coming forward with new, reliable evidence that was not presented at trial, a petitioner must also "persuade[] the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Id*.

---

[5] A second Rule 37 Petition filed by Mr. Badger on July 11, 2016 (Doc. No. 7-6), was correctly denied by the circuit court on July 28, 2016, as being untimely filed (Doc. No. 7-7). It did not affect any potential tolling of the limitations period.

(quoting *Schlup v. Delo*, 513 U.S. 298, 329 (1995)). This standard is "demanding" and seldom met. *Id.* (quoting *House v. Bell*, 547 U.S. 518, 538 (2006)). And, it is not met here, where Mr. Badger has failed to come forward with *any* new and reliable evidence that would not have already been available to him had he proceeded to trial. Accordingly, Mr. Badger is not entitled to habeas relief.

### III. CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, a district court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). I find no issue on which Mr. Badger has made a substantial showing of the denial of a constitutional right. Accordingly, no certificate of appealability should issue.

### IV. CONCLUSION

IT IS, THEREFORE, RECOMMENDED that:

1. Mr. Badger's § 2254 Petition for Writ of Habeas Corpus (Doc. No. 1) be DISMISSED with prejudice.

2. A certificate of appealability not be issued.

DATED this 21st day of March 2025.

JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE